Raminder Kaur PANAG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74470.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 28, 2005.

---

* This panel unanimously finds this case suit-

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, WARDLAW and TALLMAN, Circuit Judges.

## MEMORANDUM **

Raminder Kaur Panag, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

We conclude that the IJ's decision was supported by substantial evidence because there were inconsistencies between Panag's testimony and her documentary evidence which went to the heart of her claim, including whether the political organization she belonged to was commonly referred to as "AISSF" and whether she was married to a man who was killed by Indian authorities for his political involvement. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). Additionally, the IJ's negative assessment of Panag's demeanor was detailed and cited particular examples in the testimony, and thus also supports the adverse credibility finding. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999).

Because Panag failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Because Panag's claim under the CAT is based on the same testimony that the IJ found not credible, and she points to no other evidence that she could claim the IJ should have considered in making its determination under CAT, her CAT claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.